## Samuel Slocomb v. Erastus Thatcher.

*Practice in the Circuit Court ; Discontinuance,—rule and notice : Costs : Taxation and demand : Finding of the Circuit Judge.* The entry of a rule in the common rule book to discontinue a suit, together with notice of the rule to the defendant, accompanied by an offer to pay costs when taxed, it not appearing that the costs had been taxed, is sufficient to justify a verdict for the plaintiff, in a suit brought upon the same cause of action, and in which the issue was joined upon a plea of another action pending.

An error in a notice of a discontinuance of a suit—"discontinuing the same with costs *to the plaintiff* "—instead of defendant, is immaterial : as the statute gives costs to the defendant in all cases of discontinuance, the notice could not mislead.

A plaintiff having entered a rule for the discontinuance of a suit, who should refuse to pay costs when taxed and demanded, will lose the benefit of his discontinuance; and a second suit, commenced for the same cause of action, will be abated—the costs being still unpaid—by the first.

A judgment will not be reversed because of the neglect of the Circuit Judge to make a written finding, when it appears that there was no evidence in the case tending to show a state of facts, which would make such finding material to the plaintiff in error.

*Heard January 7. Decided January 10.*

SLOCOMB *v.* THATCHER.

Case made from Saginaw Circuit.

This was an action of *assumpsit* commenced on the 23d day of December, A. D. 1868, by declaration upon a promissory note. The defendant pleaded in abatement another action pending for the same cause, commenced on the 23d day of March, 1867. The plaintiff replied that the action first commenced had been discontinued on the 17th day of December, 1868. Issue was joined on the replication and on the trial the plaintiff proved that on the 17th of December, a rule was entered in the common rule book as follows:

"Samuel Slocomb, v. Erastus Thatcher. On payment of costs and on motion of H. H. Hoyt, attorney for the plaintiff, ordered that this cause be and the same is hereby discontinued.—H. H. HOYT, Plaintiff's Attorney."
Dated and entered December 17, 1868.

The counsel for the plaintiff introduced the said Herbert H. Hoyt as a witness, who was sworn, and by whose testimony it appeared that he served a notice of discontinuance of said former suit on the defendant before the commencement of this suit, and told him he was ready to pay the costs when taxed; that said costs in said former suit have not been paid; neither have they been tendered to said defendant, nor have said costs been taxed, and that he was willing to pay the costs when taxed.

The defendant proved that on the same day that said notice was served and within one or two hours after the service of said notice, the declaration in this present suit was served upon the defendant. The notice was in the following words:

. " The Circuit Court for the County of Saginaw. Samuel Slocomb, v. Erastus Thatcher. Sir: Please to take notice that an order has been entered in the above entitled cause in the common rule book of this Court by the above named

plaintiff discontinuing the same with the costs to the plaintiff. Yours, &c., H. H. HOYT, Plaintiff's Attorney.

Dated, December 22, 1868.

To E. THATCHER, Defendant in person.

The cause was submitted to the Court for its decision, on the 25th of June, and without deciding said issue the Court adjourned until Saturday, June 26th, on which day, the Court found the said issue for the said plaintiff and rendered interlocutory judgment thereon, and the Court adjourned until Monday morning, June 28th.

On Monday morning, and before the reading of the journal of June 26th, 1869, immediately on the opening of the Court, said defendant presented to said Court a request in writing that the Court specify the facts found and the conclusions of law thereon.

The Circuit Judge ruled that said request came too late, as judgment had been rendered, and stated that its decision and judgment in said cause had been made and rendered on the Saturday previous; and refused for that reason to entertain said request. On the 29th day of June, the Court assessed the plaintiff's damages and rendered judgment in favor of said plaintiff and against the said defendant for the sum of five hundred and seventy-eight dollars and thirty-five cents and costs, to be taxed: which judgment now comes into this Court by case made.

*H. H. Hoyt,* for plaintiff.

*E. Thatcher,* in person.

CHRISTIANCY, J.

This is a case made after judgment for the plaintiff, in the Circuit Court for the County of Saginaw.

The declaration was in *assumpsit;* to which the defendant pleaded in abatement, another action pending in the same court for the same cause of action. The plaintiff re-

plied the discontinuance of the former suit prior to the institution of this, upon which the defendant, in his rejoinder, took issue and put himself upon the country.

This issue was tried without a jury; and being found against the defendant, judgment, *quod recuperet*, was rendered in favor of the plaintiff, June 26, 1869. On Monday morning, June 28th, before the reading of the journal, the defendant's attorney filed a written request for a special finding of the facts and conclusions of law touching the questions involved in this issue. This was refused on the ground that judgment had been rendered on the Saturday previous, and that the request came too late. On the 29th day of June, the Court assessed the damages and rendered final judgment.

All the evidence on the trial of the issue tended to show the following state of facts, about which there appears to have been no dispute:—That six days prior to the present suit the following order was entered in the former suit in the common rule book, viz: "on payment of costs and on motion of H. H. Hoyt, attorney for plaintiff, ordered that this cause be, and the same is hereby discontinued," (signed by plaintiff's attorney). That said attorney for the plaintiff ( in the former suit ) served upon the defendant a notice of the discontinuance on the day of, but before, the commencement of the present suit, which notice was in the usual and proper form, except that it stated the discontinuance by the plaintiff "with costs to the *plaintiff*." That at the time of the service of the notice, the attorney for the plaintiff told the defendant he was ready to pay the costs when taxed; that within two hours afterwards the declaration in this suit was served upon the defendant; that the costs in the former suit were not paid, nor did they appear to have been taxed, when the declaration in this suit was served.

It was insisted by the defendant in the Court below, and the same ground is relied upon here, that the former suit could not be legally discontinued, so as to permit the in-

stitution of the present action, until the costs had been actually paid in the former suit.   And in support of the position, the defendant relies upon the Circuit Court rule 26 and section 5600 of the Compiled Laws.

If this be the true construction of the statute, and the rule referred to, then the plaintiff can never, in vacation at least, effectually discontinue his action, so as to enable him to institute a new one, except at the option of the defendant; as he cannot get the defendant's costs taxed, until the latter sees fit to present his bill for taxation.

But we think this is not the effect of the statute or the rule; but that both must be construed to authorize a discontinuance on the terms of paying costs; and that when notice of the discontinuance has been given, it becomes effectual, and the plaintiff may commence anew.   If, however, he should refuse to pay the costs when taxed ; he will lose the benefit of the discontinuance under the rule, and the pendency of the former suit will abate the latter; though under the statute alone, without the rule, a judgment would be rendered against the plaintiff in the former suit for costs.

As the statute gives costs to the defendant in all cases of discontinuance, the mistake in the notice of discontinuance "with costs to the plaintiff" was immaterial. The law gave the costs to the defendant, and knowing the law, he could not be misled by the mistake.

There being no evidence in the case tending to show any other state of facts than that above given, no special, finding could have been made by the Judge, altering their legal effect as above given.   Any special finding, therefore which the evidence could possibly warrant, could have been of no use to the defendant, and could not have altered the result.   It is, therefore, immaterial to enquire whether the request for such finding was made in due time.

The judgment of the Circuit Court must be affirmed with costs.

The other Justices concurred.