## FLUELING v. BLUE RIBBON AUTO DRIVERS ASS'N.

1. APPEAL AND ERROR—QUESTION REVIEWABLE WHERE NO EXCEPTIONS FILED TO FINDINGS.

   Where, in case tried by court without jury, no exceptions were filed to finding of facts and law, the only question open for review is whether facts found by trial court are sufficient to support judgment entered.

2. SAME—FAILURE TO FIND UNCONTROVERTED FACT NOT CAUSE FOR REVERSAL.

   Case should not be reversed merely because of failure of trial judge to cover in his findings an uncontroverted fact, if different disposition of case is justified by record.

3. SAME—APPELLANT MAY NOT COMPLAIN OF FAILURE TO MAKE FINDING WHERE NO FAVORABLE FINDING COULD HAVE BEEN MADE.

   Appellant will not be heard to complain that trial judge omitted to make special finding of facts when evidence is such that no finding could have been made which would have aided him.

4. SAME—QUESTION FIRST RAISED ON REVIEW.

   Question raised for first time in Supreme Court may not be made basis of reversal.

5. SAME—BONDS—CASE NOT REVERSIBLE BECAUSE OF FAILURE OF JUDGE TO FIND UNCONTROVERTED FACT.

   Where, in action against surety on taxicab owner's bond to enforce payment of judgment against principal, it was established by uncontradicted testimony that the accident, out of which the judgment grew, happened within period covered by bond, the case should not be reversed merely because of failure of trial judge to find said uncontroverted fact, especially where said omission was not called to judge's attention in any way incident to preparation of findings.

Error to Wayne; Jayne (Ira W.), J. Submitted April 3, 1929. (Docket No. 40, Calendar No. 34,250.) Decided September 4, 1929.

Assumpsit by Colin B. Flueling, administrator of the estate of Elmer E. Flueling, deceased, against the Blue Ribbon Auto Drivers Association, a Michigan corporation, as surety on the bonds of Wilbur Goeringer. From a judgment for plaintiff, defendant brings error. Affirmed.

*Barbour & Martin* and *Henry C. L. Forler,* for plaintiff.

*Edward N. Barnard,* for defendant.

NORTH, C. J.  Wilbur Goeringer was engaged in the taxicab business in Detroit in 1922. Under the city ordinance he was required to secure and file a taxicab owner's bond in the sum of $1,000 and a driver's bond for $200. He obtained these bonds from the defendant corporation, which became surety thereon, the condition of the bonds being, in part, that any judgment arising out of damage or injury to any person or property caused by the negligent operation of Goeringer's taxicab or by the negligence of Goeringer in operating a public vehicle should be paid. These bonds ran to the city of Detroit and were required by the ordinance as a condition precedent to issuing the annual taxicab and driver's licenses.

On November 26, 1926, the plaintiff herein, as administrator of the estate of Elmer Flueling, deceased, who was killed by the negligent operation of a taxicab owned and operated by Goeringer, obtained a judgment for $4,500. February 25, 1928, this suit was brought against the defendant herein as surety to enforce the payment of the judgment to the extent of the penal sum of the respective bonds. The case was heard by the court without a jury, and

plaintiff had judgment for the full amount of the bonds, $1,200. The defendant has brought the case to this court by writ of error.

No exceptions were filed to the finding of facts and law, and the only question open for review on this record is whether the facts found by the trial court are sufficient to support the judgment entered. The first assignment of error raises this question. The specific claim made by appellant is that the bonds having been given in connection with the licenses held by Goeringer for the calendar year 1922, the liability of the surety was limited to that year; and since there is no finding of fact that the accident which resulted in the death of the plaintiff's decedent happened in 1922 the findings are not sufficient to support the judgment.

The original case was reviewed in this court, *Flueling* v. *Goeringer*, 240 Mich. 372. On the trial of the instant case, the record in the former case in the Supreme Court was offered and received in evidence. From that record it appears that the accident which resulted in Elmer Flueling's death occurred May 8, 1922. This was within the period covered by the bonds; and it is obvious that the alleged error now relied upon by the appellant is of a technical character rather than one going to the merits of the case. The date of the accident was in no way controverted. To sustain appellant's contention is merely to reverse the case and order a new trial because of the failure to cover in the findings an uncontroverted fact. This should not be done if a different disposition of the case is justified by the record.

An appellant will not be heard to complain that the trial judge omitted to make a special finding of facts when the evidence is such that no finding could have

been made which would have aided him. *Slocomb v. Thatcher,* 20 Mich. 52. Especially ought this rule of practice to be applicable to cases wherein, as in the instant case, no request is made by the complaining party for an additional or amended finding covering the particular fact. In this case, there is nothing in the finding of facts and law made by the trial court which is inconsistent with the judgment entered. So far as the record discloses, the omission to include this uncontroverted fact in the finding made was not called to the attention of the trial judge in any way incident to the preparation of such finding. Had that been done, obviously an amended finding would have been made and filed. The specific question is presented for the first time in this court, and therefore cannot be made the basis of a reversal. That the accident happened within the period covered by the bonds is established by the uncontradicted testimony. The record discloses no prejudicial error. 3 Comp. Laws 1915, § 14565. The judgment is affirmed, with costs to the appellee.

FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.