*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE LYNN RICHARDSON,

Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

Defendant-Appellee.

FOR PUBLICATION
May 28, 2019
9:05 a.m.

No. 341439
Wayne Circuit Court
LC No. 16-009822-NF

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant summary disposition, and the trial court order denying plaintiff's motion to "reinstate the case," in this no-fault matter. We reverse the order granting defendant summary disposition, vacate the order denying plaintiff's motion to reinstate, and remand for further proceedings.

## I. BACKGROUND

On appeal, plaintiff argues that the trial court erred in granting defendant summary disposition, and denying plaintiff's motion to reinstate because plaintiff was not solicited by counsel, and the criminal statutes prohibiting solicitation do not apply. Thus, defendant lacks standing to challenge any solicitation and the trial court erred in granting defendant summary disposition because the criminal statutes at issue prohibiting solicitation, MCL 750.410 and MCL 750.410b, do not apply in this civil matter.

This matter arises from plaintiff's claims for personal protection insurance (PIP) benefits pursuant to the no-fault act, MCL 500.3101 *et seq.*, for injuries she sustained in a car accident in December 2015. Plaintiff was driving with two others in the vehicle, and stopped at an intersection. A vehicle two cars behind plaintiff was unable to stop, and hit the vehicle directly behind plaintiff's car, which caused that vehicle to hit plaintiff's car, allegedly resulting in her injuries. Later that day, plaintiff went to Oakwood Annapolis Hospital for neck pain and dizziness. After being released from the hospital, plaintiff was referred for medical treatment at Ortho, PC, by her attorney's office, Michigan Accident Associates, PLLC. Plaintiff's claims for

PIP benefits then were assigned to defendant through the Michigan Assigned Claims Plan (MACP), and defendant denied plaintiff's claims.

Defendant filed a motion for summary disposition in the trial court based on improper solicitation of plaintiff by Thomas Quartz, an attorney with Michigan Accident Associates. The motion was based on plaintiff's deposition testimony that Quartz was at her home the day that she was released from the hospital, only days after the accident occurred. The trial court granted defendant summary disposition because plaintiff failed to create a genuine issue of material fact regarding defendant's assertion that she was improperly solicited by her attorney, and the improper solicitation rendered plaintiff's medical treatment unlawful. The trial court later denied plaintiff's motion to reinstate, which was essentially a motion for reconsideration.

## II. ANALYSIS

This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's claim. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When reviewing a motion brought under this subrule, the court must examine all documentary evidence presented to it, draw all reasonable inferences in favor of the nonmoving party, and determine whether a genuine issue of material fact exists. *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010). Summary disposition is proper when the evidence fails to establish a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Under the no-fault act, an insurer "is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a).

As part of the Michigan Penal Code, MCL 750.1 *et seq.*, MCL 750.410b prohibits improper solicitation of motor vehicle accident victims:

> (1) A person shall not intentionally contact any individual that the person knows has sustained a personal injury as a direct result of a motor vehicle accident, or an immediate family member of that individual, with a direct solicitation to provide a service until the expiration of 30 days after the date of that motor vehicle accident. This subsection does not apply if either of the following circumstances exists:
>
> (a) The individual or his or her immediate family member has requested the contact from that person.
>
> (b) The person is an employee or agent of an insurance company and the person is contacting the individual or his or her family member on behalf of that

insurance company to adjust a claim. This subdivision does not apply to a referral of the individual or his or her immediate family member to an attorney or to any other person for representation by an attorney. [MCL 750.410b(1)(a)-(b).]

"Direct solicitation to provide a service" is statutorily defined as:

[A] verbal or written solicitation or offer, including by electronic means, made to the injured individual or a family member seeking to provide for a fee or other remuneration that is based upon the knowledge or belief that the individual has sustained a personal injury as a direct result of a motor vehicle accident and that is directed toward that individual or a family member. [MCL 750.410b(2)(a).]

A person in violation of the statute is guilty of a misdemeanor. MCL 750.410b(3). See also MCL 750.410(1) (a person or firm who directly or indirectly solicits a person injured as a result of a motor vehicle accident for the purpose of representing the victim in making a claim for damages is guilty of a misdemeanor).

MCL 750.410 is a criminal statute, and provides no civil remedy or cause of action for its enforcement. That precludes the use of any public policy reasoning underlying the statute as a vehicle to extend the statute beyond its limits to provide relief in this civil matter. " 'It is well settled that criminal statutes are to be strictly construed, absent a legislative statement to the contrary.' " *People v Robar*, 321 Mich App 106, 120; 910 NW2d 328 (2017), quoting *People v Boscaglia*, 419 Mich 556, 563; 357 NW2d 648 (1984). Statutory language is assessed in context, and construed according to its plain and ordinary meaning. *Robar*, 321 Mich at 120. When statutory language is unambiguous, it is applied as written, and further construction by the Court is not required or permitted. *Id*. The clear statutory language of MCL 750.410 and MCL 750.410b provide that it is a criminal misdemeanor to solicit an individual with a personal injury claim. Punishment for violation of either statute includes imprisonment or payment of a fine, or both, MCL 750.410(2); MCL 750.410b(3). If the Legislature intended a violation of MCL 750.410 to be a bar to a no-fault action, it could have added it to the list of fraudulent conduct within MCL 500.3173a and MCL 500.4503.[1] It, however, chose not do so. "This Court will not read into a statute anything that is not within the manifest intention of the Legislature as gathered from the act itself." *Kokx v Bylenga*, 241 Mich App 655, 661; 617 NW2d 368 (2000).

---

[1] Defendant does not argue that application of the test set forth in *Gardner v Wood*, 429 Mich 290, 301–302; 414 NW2d 706 (1987), would require judicial imposition of a civil remedy for violation of MCL 750.410. And given the criminal remedies contained in the statute, had defendant made the argument, it would have likely failed. See generally *Lash v Traverse City*, 479 Mich 180, 191-193; 735 NW2d 628 (2007), and specifically *Lane v KinderCare Learning Ctrs Inc*, 231 Mich App 689, 696; 588 NW2d 715 (1998) (holding that "the trial court properly concluded that plaintiff had no private cause of action based on the alleged violations of the child care organizations act" because, in part, the statute contained criminal penalties), and *Lowell R Fisher v WA Foote Mem Hosp*, 261 Mich App 727, 730; 683 NW2d 248 (2005) (concluding that a provision of the public health code did not provide civil relief because it contained adequate enforcement measures, including criminal penalties).

Giving the defendant the benefit of its misplaced contention, under MCL 750.410, the only prohibited solicitation is that which is substantially motivated by pecuniary gain. *Keliin v Petrucelli*, 198 Mich App 426, 433; 499 NW2d 360 (1993). "This construction was put on the criminal statute to avoid a conflict with the First Amendment." *Id*. We have defined "solicitation" as "a situation where the solicitor's position or relation to a prospective client is such that this request may force the recipient into acquiescing to the plea. In defining solicitation in this manner, the statute could best prevent those aspects of solicitation that involve fraud, undue influence, intimidation, and overreaching." *Woll v Kelley (On Remand)*, 116 Mich App 791, 806; 323 NW2d 560 (1982). This is because there is a greater likelihood of harm to the client as a result of solicitation of personal injury claims:

> Personal injury claims, in contrast with general civil litigation and personal injury defense, are almost universally handled on a contingent fee basis and there is no fixed dollar value for the claimant's injuries. The combination of these factors creates opportunities for taking advantage of the client. [*Woll v Kelley*, 409 Mich 500, 528; 297 NW2d 578 (1980), clarified by 300 NW2d 171 (1980).]

Defendant fails to provide authority for the proposition that criminal solicitation may form the basis for recovery on a motion for summary disposition, and thereby bar a plaintiff's claims for no-fault benefits. Although this matter was remanded for a settled record[2] of the hearing on defendant's motion for summary disposition, the trial court failed to provide its reasoning for holding plaintiff to the standard of the criminal statutes, and thereby dismissing her claims. Despite the complete lack of analysis by the trial court, it is clear, as stated *supra*, from the intent of the Legislature that the consequence for solicitation is a criminal misdemeanor, punishable by imprisonment or fine, or both. MCL 750.410(2); MCL 750.410b(3). It is stating the obvious that the wrongful conduct rule has no application to these proceedings because that rule only applies when a *plaintiff* engages in wrongful conduct. See *Orzel v Scott Drug Co*, 449 Mich 550, 559; 537 NW2d 208 (1995), and *Hashem v Les Stanford Oldsmobile, Inc*, 266 Mich App 61, 89; 697 NW2d 558 (2005). Here, there is no suggestion that plaintiff engaged in unlawful solicitation, and to the extent her initial counsel may have, he is not a plaintiff. How plaintiff contracted with her attorney is irrelevant to her claim for no-fault benefits.

Next, as the trial court erroneously determined that there was no genuine issue of material fact regarding defendant's assertion that plaintiff was improperly solicited, it compounded that error by concluding that all treatment rendered to plaintiff was unlawful. MCL 500.3157 allows recovery of PIP benefits for lawfully rendered treatment:

> A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge

---

[2] *Richardson v Allstate Ins Co*, unpublished order of the Court of Appeals, entered July 20, 2018 (Docket No. 341439).

-4-

shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance.

First, MCL 500.3157 is inapplicable because it is expressly limited to "[a] physician, hospital, clinic or other person or institution lawfully *rendering treatment* to an injured person . . . ." Although attorneys help people in many different and important ways, they do not, as part of their profession, render treatment to injured persons. Therefore, MCL 500.3157 simply does not apply to the actions of plaintiff's counsel.

Even so, once again giving defendant the benefit of another misplaced contention, the caselaw cited by defendant on appeal regarding unlawful treatment is wholly distinguishable from the circumstances of this matter. Only treatment that is lawfully rendered is subject to payment as a no-fault benefit. *Miller v Allstate (On Remand)*, 275 Mich App 649, 655; 739 NW2d 649 (2007), aff'd by 481 Mich 601 (2008) (citation omitted). If treatment is not lawfully rendered, it is not a no-fault benefit, and therefore, not subject to reimbursement. *Id.* (citation omitted). This Court determined that the plain and unambiguous language of MCL 500.3157 requires that "the *treatment* itself" must be lawfully rendered, and the statute places the focus on the engagement of performing the services. *Id.* at 656 (citation omitted). In *Miller (On Remand)*, the services performed were physical therapy sessions. *Id.* (citation omitted). The focus was not on the underlying corporate formation issues of the entity providing the physical therapy. *Id.* (citation omitted). "A clinic or institution is lawfully rendering treatment when licensed employees are caring for and providing services and treatment to patients despite the possible existence of corporate defects irrelevant to treatment." *Id.* (citation omitted). The connection between the service actually rendered and the manner in which the entity was formed was " 'too attenuated' " to render the physical therapy provided unlawful. *Id.* (citation omitted). The *Miller (On Remand)* Court distinguished the matter from *Cherry v State Farm Mut Auto Ins Co*, 195 Mich App 316; 489 NW2d 788 (1992), wherein acupuncture services provided by an unlicensed physician were not lawfully rendered. *Id.* (citation omitted).

Therefore, the trial court erred in determining that plaintiff was unlawfully rendered treatment. Based on *Miller (On Remand)*, 275 Mich App at 655-656, the connection between the alleged solicitation and the services rendered to plaintiff by Ortho, PC, is too attenuated to render the services provided to plaintiff unlawful. There is no indication that plaintiff received services by unlicensed physicians at Ortho, PC, or by any other provider. The *Miller (On Remand)* decision does not stand for the proposition that any claim submitted by a plaintiff must be rejected due to the improper act of a third party unrelated to the provision of the plaintiff's care. Rather, the relationship between plaintiff and Quartz is unrelated to plaintiff's medical treatment.

The no-fault act provides a list of fraudulent behavior which bars a claim for no-fault benefits to the MACP. See MCL 500.3173a, MCL 500.4503. Wrongful solicitation is not included. Plaintiff relies on *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), for the proposition that a single act of fraud in a claim for PIP benefits can preclude an entire claim. However, *Bahri* also is distinguishable from the matter at hand. In *Bahri*, the plaintiff claimed replacement services following a car accident, but surveillance video during the same time frame depicted plaintiff bending, lifting, driving, and running errands. *Id.* at 422. The no-fault insurance policy at issue had a fraud exclusion, which provided that there would be no coverage for any insured person who made fraudulent statements, or engaged in fraudulent

-5-

conduct, in connection with the accident or loss. *Id*. at 423-424. This Court affirmed the trial court's determination that the fraud exclusion applied, and the evidence contradicted the plaintiff's representations that she needed replacement services. *Id*. at 425-426. There was no genuine issue regarding the plaintiff's fraud, so her PIP claim was precluded, and therefore, the intervening plaintiff medical providers' claims for PIP benefits were also barred. *Id*. at 426.

Here, there is no insurance contract containing a fraud exclusion provision. Plaintiff's claim was assigned to defendant through the MACP. As provided in *Miller (On Remand)*, 275 Mich App at 656, the alleged solicitation was too attenuated from the services provided to render the services unlawful.

## III. CONCLUSION

The trial court erred when it granted defendant summary disposition of plaintiff's claims for no-fault benefits on the basis of solicitation in violation of the criminal statutes.

Our conclusion that the trial court improperly granted defendant summary disposition effectively resolves the remainder of plaintiff's arguments on appeal related to summary disposition, as well as her argument that the trial court erred in denying her motion for reconsideration, so they will not be discussed herein.

The trial court order granting defendant summary disposition is therefore reversed, the order denying plaintiff's motion for reconsideration is vacated, and this matter is remanded to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Michael J. Riordan