### BESSON *v.* CRAPO TOLL-ROAD CO.

CONSTITUTIONAL LAW — TOLL ROADS — COMMISSIONERS — JUDICIAL POWERS.

This case, involving the constitutionality of Act No. 91, Pub. Acts 1897, follows the case of *Bridge Street & Allendale Gravel-Road Co.* v. *Hogadone,* ante, 638, presenting the same question.

Appeal from Mecosta; Davis, J., presiding. Submitted June 18, 1907. (Docket No. 77.) Decided January 31, 1908.

Bill by James A. Besson, highway and toll-road commissioner of the township of Green, against the Crapo Toll-Road Company to restrain the collection of tolls. From an order overruling a demurrer to the bill, defendant appeals. Reversed, and bill dismissed.

*M. Brown,* for complainant.

*Cogger & Broomfield* and *C. A. Withey,* for defendant.

MONTGOMERY, J. This case presents some of the questions discussed in *Bridge Street & Allendale Gravel-Road Co.* v. *Hogadone,* ante, 638, decided herewith. In

the present case the toll-road commissioner filed a bill against the defendant company alleging that in March, 1906, the defendant's road was badly out of repair so that it was almost impossible to travel upon the same with teams, etc.; that on the 7th of March the toll-road commissioner served a notice upon the company complying with Act No. 91 of the Public Acts of 1897, and that after taking testimony a determination was made under said statute that the defendant was not entitled to take toll over the road, and notice was served upon defendant directing it to cease taking toll. Thereupon the present bill was filed asking that the defendant company be restrained from collecting toll, and to this bill the defendant demurred.

It is suggested in the brief that independent of the determination of the commissioner a court of equity might have jurisdiction to restrain the defendant from taking toll for the reason that as appears the road was badly out of repair. Evidently the bill was not framed with any such claim in view, and an examination discloses that the date at which it is said to have been out of repair was the 7th of March, 1906, whereas the determination was not made by the commissioner until the 6th of September, 1906, and there is no charge of the road being out of condition except as it may be inferred from the fact that the toll-road commissioner found it to be out of repair.

The case therefore presents the question whether Act No. 91 of the Public Acts of 1897 is, in so far as it confers jurisdiction upon the toll-road commissioner to determine that the road is out of repair and prohibit the defendant from taking toll, unconstitutional. That question has been considered in the case of *Bridge Street & Allendale Gravel-Road Co.* v. *Hogadone*, before referred to, and decided adversely to the contention of complainant.

The decree of the court below will be reversed, and the bill dismissed, with costs of both courts to defendant.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.