FLUELING v. GOERINGER.

1. CORPORATIONS—RIGHT TO EXIST AS NONPROFIT CORPORATION MAY BE QUESTIONED BY STATE ONLY.

> The right of a corporation organized under Act No. 84, pt. 3, chap. 1, Pub. Acts 1921, authorizing corporations not for profit, if questioned, must be at the instance of proper State authority.

---

[1]Corporations, 14 C. J. § 216.

2. SAME—PARTY MAY NOT SUE CORPORATION AS SUCH AND THEN ATTACK ITS ORGANIC EXISTENCE.

A party may not sue a corporation as a legal entity and then attack its organic existence and ask that it be held to a responsibility exacted of corporations having a different corporate existence.

3. SAME — NONPROFIT CORPORATION NOT LIABLE FOR TORT OF MEMBER.

A corporation organized and existing under Act No. 84, pt. 3, chap. 1, Pub. Acts 1921, as a nonprofit corporation, may not be held liable to respond in damages for the tort of one of its members, since the law under which it was organized admits of no business gains from which a judgment could be satisfied.

Error to Wayne; Marschner (Adolph F.), J. Submitted June 9, 1927. (Docket No. 54.) Decided October 3, 1927.

Case by Colin B. Flueling, administrator of the estate of Elmer E. Flueling, deceased, against Wilber Goeringer and the Checker Cab Company for the negligent killing of plaintiff's decedent. Judgment *non obstante veredicto* for defendant Checker Cab Company. Plaintiff brings error. Affirmed.

*Barbour & Martin* (*Henry C. L. Forler,* of counsel), for appellant.

*Edward N. Barnard,* for appellee Checker Cab Co.

WIEST, J. Elmer E. Flueling was struck by a "checker cab," driven by defendant Wilber Goeringer, and received injuries causing his death. This suit was brought by the administrator of Mr. Flueling's estate against the Checker Cab Company and Wilber Goeringer to recover damages. At the trial the Checker Cab Company claimed it was a nonprofit corporation and not liable to respond in damages for the tort of Goeringer. A verdict was rendered against

---

[2]Corporations, 14 C. J. § 277; [3]Id., 14a C. J. 2829 (Anno).

both defendants, but, notwithstanding the verdict, the court rendered judgment against Goeringer alone, holding the Checker Cab Company not liable. Plaintiff, by writ of error, presents the question of the liability of the cab company. The defendant Checker Cab Company is a corporation, organized under Act No. 84, part 3, chap. 1, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [97]), authorizing:

"Corporations whose purposes do not include the transaction of commercial or other business for a direct pecuniary profit to the members or stockholders."

The act grants power to fix the amount of the membership fee and dues and makes its provisions applicable to persons engaged in the same occupations (§ 9053 [106]), "when such persons desire to associate for mutual benefit * * * not involving direct pecuniary profit."

The name Checker Cab Company is somewhat of a misnomer for the company does not own and operate a taxicab business but only serves as a medium for promoting and regulating the individual cab service rendered by its members. One hundred ninety owners of taxicabs in the city of Detroit are members of the corporation, having each paid $150 to become such and each pays $15 per month for the service rendered by the company. Such service by the company is in the nature of transmission of calls for desired taxicab service, fixing of uniform rates, apportioning territory among members and regulating the upkeep of equipment. The sole purpose of the corporation is to afford a means by which persons engaged in rendering taxicab service may obviate cutthroat methods, standardize rates of fare, maintain suitability of equipment and apportion business. It is true that the advantage of such association under incorporation and central regulation results in pecuniary profit to members, but such profit does not at

any time belong to or come to the members through the company. Each member owns his taxicab equipment and collects and keeps, without any accounting to the company, all earnings. The company employs the membership fees and the monthly dues in maintaining an office and equipment, payment of salaries to officers, expense of telephone and other service and wages of employees engaged in receiving requests for taxicab service, and transmitting the same to regional cab owners. The Checker Cab Company is a corporation, and its right to be such under the provisions of the act authorizing corporations not for pecuniary profit, if questioned, must be at the instance of proper State authority.

Upon this record we may not inquire whether the incorporation was an improper employment of the statute. Plaintiff sued it as a duly organized corporation and seeks judgment against it as such, and we must accept it as a corporation not for pecuniary profit and determine whether it is liable, as such a corporation, to respond in damages for the tort of Goeringer. Plaintiff could not sue the corporation as a legal entity and then attack its organic existence and ask that it be held to a responsibility exacted of corporations having a different corporate existence. The law permitting corporations, not for pecuniary profit, admits of no business gains from which judgments in actions like this can be satisfied, and the company cannot turn the dues of the members to such a purpose for the dues are devoted to a service from which the company derives no pecuniary gain. We must hold that the Checker Cab Company, existing as a nonprofit corporation, is not liable to respond in damages for the tort of Goeringer.

The judgment is affirmed, with costs to defendant Checker Cab Company.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.