# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHIGAN RADIOLOGICAL SOCIETY,

        Plaintiff-Appellant,

v

OMIC, LLC, doing business as OAKLAND MRI,
and SUSAN SWIDER,

        Defendants-Appellees.

UNPUBLISHED
March 27, 2018

No. 336417
Oakland Circuit Court
LC No. 2016-153236-CZ

---

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and denying plaintiff's motion for leave to amend its complaint to add a count of quo warranto. We affirm, concluding that plaintiff lacks standing to pursue the lawsuit and that a quo warranto claim necessarily fails as a matter of law.

This case arises from plaintiff's effort to prevent defendants from continuing the operation of their business. Plaintiff is a non-profit corporation, whose membership is comprised of radiologists licensed to practice medicine in Michigan. Defendant OMIC, LLC, doing business as Oakland MRI,[1] is a for-profit limited liability company and business enterprise that provides diagnostic imaging to the public and is solely owned and managed by defendant Susan Swider, who is not a licensed physician. Plaintiff alleged that defendants were in violation of the Michigan Limited Liability Company Act (MLLCA), MCL 450.4101 *et seq.*, the Business Corporation Act (BCA), MCL 450.1101 *et seq.*, and the Public Health Code (PHC), MCL 333.1101 *et seq.*, with plaintiff seeking declaratory and injunctive relief. Plaintiff claimed that defendants offer a variety of radiological, diagnostic, and testing services that constitute medical services under the PHC, that Michigan law requires companies engaged in providing medical services to be 100% physician owned and managed, that Swider is not a licensed physician, that defendants are thus practicing medicine without a license, and that such conduct violates the MLLCA, BCA, and the PHC. The gist of plaintiff's position is that Oakland MRI could not be

---

[1] Hereafter, we shall simply refer to Oakland MRI.

formed as a simple limited liability company. As noted above, the trial court concluded that plaintiff had failed to state a claim on which relief could be granted. This appeal followed.

We review de novo a trial court's decision on a motion for summary disposition, *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016), as well as issues of statutory construction, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Whether a party has standing is likewise subject to de novo review. *Barclae v Zarb*, 300 Mich App 455, 467; 834 NW2d 100 (2013). In *McHone v Sosnowski*, 239 Mich App 674, 676; 609 NW2d 844 (2000), this Court discussed "standing" in the context of MCR 2.116(C)(5) and (8), observing:

> In this case, the trial court granted summary disposition under MCR 2.116(C)(5) and (C)(8) on the basis that plaintiff neither pleaded nor provided evidentiary support for facts that, if true, would provide him with standing . . . . Review of a determination regarding a motion under MCR 2.116(C)(5), which asserts a party's lack of capacity to sue, requires consideration of the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties. By comparison, a motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim as pleaded. All factual allegations and reasonable inferences supporting the claim are taken as true. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. Consequently, this Court's review de novo of the instant question requires drawing all inferences in the light most favorable to plaintiff, and then determining if plaintiff either pleaded or established facts that would give him standing to sue. [Citations and quotation marks omitted.]

In *Miller v Allstate Ins Co*, 481 Mich 601, 606-608; 751 NW2d 463 (2008), our Supreme Court recited the following relevant principles regarding standing:

> Our constitution requires that a plaintiff possess standing before a court can exercise jurisdiction over that plaintiff's claim. This constitutional standing doctrine is longstanding and stems from the separation of powers in our constitution. Because the constitution limits the judiciary to the exercise of "judicial power," Const 1963, art 6, § 1, the Legislature encroaches on the separation of powers when it attempts to grant standing to litigants who do not meet constitutional standing requirements.

> Although the Legislature cannot *expand* beyond constitutional limits the class of persons who possess standing, the Legislature may permissibly *limit* the class of persons who may challenge a statutory violation. That is, a party that has constitutional standing may be precluded from enforcing a statutory provision, if the Legislature so provides. This doctrine has been referred to as a requirement that a party possess "statutory standing." Statutory standing simply entails statutory interpretation: the question it asks is whether the Legislature has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.

* * *

-2-

Statutory standing, which necessitates an inquiry into whether a statute authorizes a plaintiff to sue at all, must be distinguished from whether a statute permits an individual claim for a particular type of relief. . . . The statutory-standing inquiry is generally jurisdictional; the claim-for-relief inquiry is non-jurisdictional. [Citations, quotation marks, and alteration brackets omitted.]

In the opening paragraph of *Miller*, the Court outlined the issues presented and its holding, stating:

We granted leave to appeal to consider (1) whether plaintiff corporation was improperly incorporated under the . . . BCA . . ., and, if so, (2) whether an improperly incorporated entity rendering physical therapy treatment has "lawfully" rendered such treatment under MCL 500.3157. However, because defendant insurance company lacks statutory standing to challenge plaintiff's corporate status under MCL 450.1221,[2] which grants the power to challenge corporate status solely to the Attorney General, the above questions are not properly before us. Accordingly, we affirm the judgment of the Court of Appeals in plaintiff's favor, albeit on alternative grounds, and we remand to the trial court for further proceedings. [*Miller*, 481 Mich at 604.]

The *Miller* Court observed that "[b]y naming only the Attorney General in [MCL 450.1221] . . ., the Legislature has indicated that the Attorney General alone has the authority to challenge corporate status." *Id.* at 611. "In essence, MCL 450.1221 prevents any person – other than the Attorney General – from bringing any challenge to corporate status under the BCA: every such challenge would be doomed to failure, because the mere filing of articles of incorporation constitutes "*conclusive* evidence" of the corporation's legality." *Id.* at 611-612. The Court concluded that the defendant insurance company lacked statutory standing to assert that the plaintiff was improperly incorporated. *Id.* at 616.[3] Plaintiff attempts to distinguish this case from *Miller* in a variety of unconvincing ways. The same reasoning utilized in *Miller*

---

[2] MCL 450.1221 provides:

The corporate existence shall begin on the effective date of the articles of incorporation as provided in section 131. Filing is conclusive evidence that all conditions precedent required to be performed under this act have been fulfilled and that the corporation has been formed under this act, except in an action or special proceeding by the attorney general.

[3] The Court noted that "Michigan courts have long held that the state possesses the sole authority to question whether a corporation has been properly incorporated under the relevant law." *Miller*, 481 Mich at 615.

applies to Oakland MRI, organized as a limited liability company.[4]  As part of the MLLCA, MCL 450.4202(2) provides:

> The existence of the limited liability company begins on the effective date of the articles of organization as provided in section 104. Filing is conclusive evidence that all conditions precedent required to be performed under this act are fulfilled and that the company is formed under this act, *except in an action or special proceeding by the attorney general.*  [Emphasis added.]

Accordingly, the same analysis employed by the Supreme Court in *Miller* as to the BCA applies to the MLLCA.  The only person or entity able to challenge Oakland MRI's status as a valid limited liability company is the Attorney General.  Therefore, plaintiff lacks statutory standing to challenge the validity of Oakland MRI.[5]  Given our ruling, it is unnecessary for us to determine whether Oakland MRI was properly formed as a limited liability company.

The trial court denied plaintiff's motion for leave to amend the complaint so as to allege a claim of quo warranto, MCL 600.4501; MCR 3.306, which was not an issue addressed by the *Miller* Court.  Plaintiff made an application to the Attorney General to bring an action against defendants and the Attorney General refused to do so.  Given these steps by plaintiff, it is clear that it was pursuing quo warranto under MCR 3.306(B)(3).  Accordingly, the case was required to fit under MCR 3.306(B)(1) (actions by Attorney General).  MCR 3.306(B)(3)(a).  In this context, we conclude that there exists no merit for further inquiry by quo warranto proceedings, *Davis v Chatman*, 292 Mich App 603, 613; 808 NW2d 555 (2011), where none of the circumstances listed in MCR 3.306(B)(1) are applicable, given that this case involves a limited liability company and not a corporation.  Thus, albeit for different reasons, the trial court did not abuse its discretion in denying plaintiff's motion.  *Davis*, 292 Mich App at 611-612.

Affirmed.  Having fully prevailed on appeal, taxable costs are awarded to defendants under MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan

---

[4] This Court interprets the BCA and the MLLCA in a consistent manner because they relate to the common purpose of forming a business entity. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 159; 792 NW2d 749 (2010).

[5] We note that MCL 450.4803, which is part of the MLLCA, authorizes the Attorney General to bring an action for the dissolution of a limited liability company if the company "[p]rocured its organization through fraud," "[r]epeatedly and willfully exceeded the authority conferred on it by law," or "[r]epeatedly and willfully conducted its business in an unlawful manner."  MCL 450.4803(1)(a) to (c).