*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

      Appellant,

v

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS,

      Appellee.

UNPUBLISHED
August 20, 2019

No. 345617
Ottawa Circuit Court
LC No. 18-005343-AA

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Appellant Phil Forner appeals an opinion and order issued by the circuit court that affirmed a decision by appellee Department of Licensing and Regulatory Affairs (LARA) to deny Forner's request for a declaratory ruling. We affirm.

To provide context to our discussion of the facts and procedural history of the case, we begin with an examination of the statutes implicated in this matter. Forner posed an argument under the Skilled Trades Regulation Act (STRA), MCL 339.5101 *et seq.* Article 8 of the STRA addresses mechanical contractors, MCL 339.5801 *et seq.* Mechanical contractors perform work in relation to heating, ventilation, and air conditioning (HVAC) systems. See MCL 339.5801 through MCL 339.5807. MCL 339.5809 provides in pertinent part:

(1) [An] individual or other person shall not perform installations, alterations, or servic[es] . . . that are regulated under the Stille-DeRossett-Hale single state construction code act unless the person, if the person is an individual, or an employee of the person has received a mechanical contractor's license from the department that has not been revoked or suspended, . . . .

(2) A person that performs installations, alterations, or servic[es] . . . shall designate the holder of a mechanical contractor's license described in subsection (1) as the contractor of record [and] notify the department in writing of the designation.

The STRA defines the term "person" as "an individual, sole proprietorship, partnership, association, limited liability company, corporation, or common law trust or a combination of those legal entities." MCL 339.5107(g). Relevant here, under subsection (2) of MCL 339.5809, a "limited liability company" engaged in providing HVAC services must designate a licensed mechanical contractor as its "contractor of record."

Forner is licensed as a mechanical contractor, and he is the "contractor of record" for Allendale Heating Co., Inc. Forner's request to LARA for a declaratory ruling concerned Gennadi Biriouk, who is also a licensed mechanical contractor. Biriouk operates MKS Heating & Cooling, LLC, which does business under the assumed name of Hudsonville-Steigmeyer Heating & Cooling, LLC. Biriouk is the mechanical "contractor of record" for Hudsonville-Steigmeyer. In May 2017, Cascade Township (the township) issued a mechanical permit to MKS allowing installation of gas/oil burning equipment on property located in the township. Biriouk was listed on the MKS permit as the applicant and licensee. Forner lodged a complaint with the township and LARA's Bureau of Construction Codes (BCC), contending that the permit had been improperly issued and should be revoked. He maintained that MKS was engaged in unlicensed activities. Forner alleged a violation of MCL 339.5809(2), claiming that MKS did not have a mechanical "contractor of record." The township and the BCC rejected Forner's assertion. They indicated that Biriouk had a valid mechanical contractor's license.

Forner then contacted the Board of Mechanical Rules (BMR), asking the BMR to issue an interpretation of the STRA. See MCL 339.5805 (authorizing the continued existence of the BMR).[1] The gist of Forner's question was whether MCL 339.5809(2) is satisfied as to an entity that does not designate a "contractor of record," here MKS, when its doing-business-as form or entity, here Hudsonville-Steigmeyer, has designated a "contractor of record." After several e-mail communications between Forner and the deputy director of the BCC, wherein the director advised Forner that any interpretation it rendered would be merely advisory in nature and lack the force and effect of law, BMR provided no interpretation of MCL 339.5809(2) as requested by Forner.

In December 2017, Forner sent LARA a request for a declaratory ruling. The Administrative Procedures Act (APA), MCL 24.201 et seq., contains the following provision:

---

[1] MCL 339.5805(5) provides:

The board may recommend to the state construction code commission the promulgation of rules the board considers necessary for the safe design, construction, installation, alteration, servicing, and inspection of systems used in compliance with the Michigan mechanical code, and may recommend modifications, additions, or deletions to this act to update and maintain this act as an effective and enforceable instrument. The board may also recommend to the state construction code commission, after testing and evaluating a material, product, method of manufacture, or method of construction or installation for acceptability under the state construction code, that the commission issue a certificate of acceptability for that material, product, or method.

On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case.  [MCL 24.263.]

In LARA's order of denial, it set forth the following two questions that Forner presented in his request for a declaratory ruling:

Is it a violation of the STRA when a limited liability company (LLC)[,] that is performing STRA regulated mechanical work as authorized by an issued mechanical permit, does not have a mechanical contractor's license holder designated as the contractor of record for that specific LLC?

Does the [APA] . . . prevent the STRA from granting authority to [the BMR] to issue an interpretation of the mechanical licensure provisions of the STRA?

In March 2018, the director of LARA issued the denial order in response to Forner's request.  The order provided, in pertinent part, as follows:

ANALYSIS

The STRA sets forth the licensing requirements for persons who perform mechanical contractor services. The STRA includes limited liability companies in its definition of person, and its provisions are clear and concise as to what the requirements are for individuals, and persons who are not individuals, who wish to provide regulated mechanical contractor services.

It is unclear what Mr. Forner is asking with his second question. The APA sets forth administrative procedures for state agencies, including the procedure for declaratory rulings. The APA does not direct nor prevent a statute, such as the STRA, from doing anything.

CONCLUSION

The applicant's request for declaratory ruling is denied. The statute that applies to the regulation of mechanical contractors is unambiguous and requires no further clarification. . . . The plain meaning of the statutory language is clear as written and intended by the legislation.

Finally, a declaratory ruling is limited to specific statement of facts and information received by the applicant and is binding on the agency and the

applicant. The applicant is not associated with the [BMR], Gennadi Biriouk, MKS, . . . or Hudsonville-Steigmeyer . . . . Therefore, since the applicant has not demonstrated a sufficient connection to a duty or right afforded to him under any statute or rule, he has no standing to request a declaratory ruling on these issues.[2]

In April 2018, Forner appealed LARA's ruling to the circuit court. The circuit court, in affirming LARA's decision, determined that Forner lacked standing to pursue a declaratory ruling because he was not an "interested person" as required by MCL 24.263. The court declined to address the substantive merits of Forner's arguments because he lacked standing to obtain a declaratory ruling. Finally, in response to a claim by Forner that a particular executive order executed by Governor Snyder was unconstitutional and should be vacated, the circuit court found that the issue had not been presented to LARA and that there was nothing in the record on the matter for the court to review. In September 2018, the circuit court entered an order denying Forner's motion for reconsideration. Forner now appeals the circuit court's ruling.

In scrutinizing a declaratory ruling by an administrative agency, we must keep in mind the limits of judicial review. *Adrian Sch Dist v Mich Pub Sch Employees' Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). Const 1963, art 6, § 28 provides for review of administrative rulings, including declaratory determinations, demanding at a minimum that any ruling be authorized by law. *Id.* "We will set aside the legal rulings of administrative agencies if they violate the constitution or a statute or contain a substantial and material error of law." *Id.*, citing MCL 24.306. "Declaratory rulings are subject to the same judicial review as an agency's final decision or order in a contested case[,]" and "[w]e give them deference, provided they are consistent with the purpose and policies of the statute in question." *Adrian Sch Dist*, 458 Mich at 332 (citation omitted). Whether a party has standing is a question of law subject to de novo review. *Manuel v Gill*, 481 Mich 637, 642; 753 NW2d 48 (2008). We review de novo issues of statutory construction. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017).

We must initially address a jurisdictional issue. Forner filed a claim of appeal in this Court seeking review of the circuit court's decision. LARA argues that we lack jurisdiction because Forner did not have an appeal by right; rather, his challenge required him to file an application for leave to appeal. This Court has jurisdiction of an appeal of right by an aggrieved party from a final judgment or order of a circuit court, except for a circuit court judgment or order "on appeal from any court or *tribunal*[.]" MCR 7.203(A)(1)(a) (emphasis added).

---

[2] In its order, LARA stated that MCL 450.4206 "provides the governing statutory provisions to answer the questions presented." MCL 450.4206(1) states that "[a] domestic or foreign limited liability company may transact business under an assumed name or names other than its name as set forth in its articles of organization or certificate of authority . . . by filing a certificate stating the true name of the company and the assumed name or names under which business is to be transacted." Aside from this one mention of MCL 450.4206, LARA did not discuss the statute any further.

Tribunals include administrative agencies when acting in a judicial or quasi-judicial capacity. *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013).

To determine whether an administrative agency's ruling is adjudicatory in nature, we must compare the agency's procedures to court procedures to assess whether they are similar. *Id.* "Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Id.* Here, those attributes do not appear to be present in relation to the procedures governing resolution of Forner's request for a declaratory ruling. But MCL 24.263 provides that "[a] declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case." This language would suggest that we must treat the proceedings applicable to requests for declaratory rulings as quasi-judicial proceedings, as would be the situation in a contested case. See *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 98-99; 754 NW2d 259 (2008) (administrative contested cases resemble trials with agencies exercising quasi-judicial powers). Accordingly, it is arguable that LARA fit the definition of a "tribunal" for purposes of MCR 7.203(A)(1)(a) with respect to the instant case, rendering the circuit court's ruling subject solely to an application for leave to appeal. We, however, decline to answer the question whether the circuit court's opinion and order was appealable by right or by application for leave to appeal. Assuming that the appeal should have been filed as an application for leave to appeal, we hereby treat the appeal as an application for leave, grant leave, and address the issues presented. *Rains v Rains*, 301 Mich App 313, 320 n 2; 836 NW2d 709 (2013).

Forner first challenges the determination that he lacked standing to pursue a declaratory ruling under MCL 24.263 because he was not an "interested person." MCL 24.263 requires a request for a declaratory ruling be made by an "interested person," and the request must pertain to the applicability of a statute "to an actual state of facts." The STRA does not define "interested person." Statutory standing requires an inquiry into whether a statute authorizes a plaintiff to file an action, and determining standing under a statute simply entails statutory interpretation. *Miller v Allstate Ins Co*, 481 Mich 601, 606-608; 751 NW2d 463 (2008). The goal of statutory construction is to discern the intent of the Legislature as based on the plain language of the statute being examined. *Kemp*, 500 Mich at 252. And if statutory language is unambiguous, the Legislature must have intended the meaning clearly expressed, mandating us to enforce the statutory provision as written. *Id.* We may consult dictionary definitions when construing undefined statutory terms. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

The term "interested" is defined, in relevant part, as "being affected or involved." *Merriam-Webster's Collegiate Dictionary* (11th ed). We thus conclude that the reference to an "interested person," as used in MCL 24.263, means a person who is affected by the applicability of the statute at issue to an actual state of facts. The facts here are that the township issued a mechanical permit to MKS even though Gennadi Biriouk is designated as the "contractor of record" for Hudsonville-Steigmeyer and not MKS, yet MKS does business as Hudsonville-Steigmeyer. There is simply no evidence or valid argument that the applicability of MCL 339.5809 to these facts affected Forner. If Biriouk had sought a declaratory ruling, he may have been an interested person. Or had Forner been associated with or connected to two companies

that had a similar relationship as MKS and Hudsonville-Steigmeyer, Forner may have been an interested person. And had Forner been disadvantaged or impacted for some reason because of the issuance of the permit, he would have been an interested person. But on the current record, there has simply been no showing that Forner was an interested person: he was not affected by the applicability of MCL 339.5809 to the state of facts. Indeed, if LARA had issued an interpretation of the statute as applied to the facts that was favorable to Forner's view, it would have accomplished and changed nothing in relation to Forner's circumstances. And it would not have been binding on Biriouk. In sum, Forner lacked standing to pursue and obtain a declaratory ruling under MCL 24.263.

Forner argues that all licensed mechanical contractors have standing as interested persons under MCL 24.263 for purposes of the applicability of the STRA. This argument lacks merit. MCL 24.263 requires a person who seeks a declaratory ruling to be affected by the application of, in this case, the STRA to an actual state of facts. Forner's argument finds no support in the plain language of MCL 24.263; it would allow mechanical contractors to bombard LARA with requests to interpret the STRA even if there were no actual or practical impact of the interpretation on the life and employment of a contractor. Forner contends that obtaining an interpretation of MCL 339.5805 would offer guidance to contractors on business decisions and how to compete in the marketplace. This argument is vague, speculative, and futuristic in nature, rendering the "actual state of facts" component of MCL 24.263 entirely meaningless.

Forner maintains that the "interested person" provision of MCL 24.263 does not and should not require the higher threshold of standing contained in MCL 24.264. MCL 24.264 provides in pertinent part:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

Our construction of MCL 24.263 does not require a showing of interference with or impairment of legal rights or privileges to establish standing. We simply require a showing that the person making the request for a declaratory ruling be affected by the applicability of the relevant statute to an actual state of facts. Accordingly, we reject Forner's argument.

Forner proceeds to essentially argue that there was a violation of MCL 339.5809(2) because MKS did not designate a "contractor of record." We need not reach this substantive issue given our holding that Forner lacks standing. We also note that even were we to rule in Forner's favor with respect to standing, we would not address the merits of his claims because the appropriate course of action in that situation would be to remand the case for LARA to address the matter in the first instance.

Finally, Forner argues that the STRA, specifically MCL 339.5315 and MCL 339.5319, gives exclusive authority to boards to construe STRA licensure and permit requirements and that

any deprivation of a licensee's access to their respective boards violates Const 1963, art 5, § 5. MCL 339.5315 provides:

> (1) Each board created or continued under this act is created or continued within the department.
>
> (2) A board's duties shall include the interpretation of a licensure or permit requirement of a specific article of this act, and, if necessary, the furnishing of aid in an investigation conducted under article 5. At the discretion of the board, a member of that board may attend an informal conference conducted under section 515. A board shall assist the department in the implementation of this act.

MCL 339.5319 states that "[a] board shall aid the department in interpreting a licensure or permit requirement described in this act that is incomplete or subjective in nature to determine whether the person seeking a license or permit or a renewal has met the requirements for the issuance or renewal." Const 1963, art 5, § 5 provides that "[a] majority of the members of an appointed examining or licensing board of a profession shall be members of that profession."

A plain reading of the two statutes and constitutional provision does not in any manner support a conclusion that, regardless of MCL 24.263, Forner was legally entitled to an interpretation of MCL 339.5809 such that the failure to provide him one was unconstitutional. Forner's argument verges on being nonsensical.

We affirm. We award taxable costs under MCR 7.219 to LARA as the prevailing party.


/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Amy Ronayne Krause

-7-