*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STERLING HEIGHTS PAIN MANAGEMENT, PLC,

        Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

        Defendant-Appellee.

FOR PUBLICATION
December 22, 2020
9:05 a.m.

No. 350979
Oakland Circuit Court
LC No. 2019-175102-NF

Before: CAVANAGH, P.J., and JANSEN and SHAPIRO, JJ.

SHAPIRO, J.

This is an action to recover personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.* Defendant insurance company moved for summary disposition on the ground that plaintiff healthcare provider was incorporated in violation of the Michigan Limited Liability Company Act (MLLCA), MCL 450.4101 *et seq.*, and so plaintiff's services were not "lawfully rendered." Consistent with *Miller v Allstate Ins Co*, 481 Mich 601; 751 NW2d 463 (2008), we hold that defendant lacks standing to challenge whether plaintiff was properly incorporated or organized. Accordingly, we reverse the trial court's decision to grant defendant summary disposition.

## I. BACKGROUND

This case arises out of injuries sustained by Hiba Abdulrazzaq in a motor vehicle accident. At the time of the accident, defendant was Abdulrazzaq's no-fault insurer. Abdulrazzaq received medical treatment from plaintiff for injuries arising from the accident and executed an assignment of no-fault benefits in plaintiff's favor. Plaintiff then filed an action against defendant for nonpayment of the medical services rendered to Abdulrazzaq.

Defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), arguing that plaintiff had not lawfully rendered treatment to Abdulrazzaq.

-1-

Plaintiff's articles of organization state that it was organized for the sole purpose of rendering medical services by a licensed physician. Defendant argued that because plaintiff's 2019 Department of Licensing and Regulatory Affairs (LARA) annual report listed Kristy Coleman and Jonathan Maffia as plaintiff's members or managers—neither of whom are licensed physicians—plaintiff violated the MLLCA's requirement that all members and managers of a professional limited liability company (PLC) be licensed to render the same professional service as the corporate entity. See MCL 450.4904(2). In response, plaintiff argued that defendant did not have standing to challenge whether plaintiff was properly incorporated or organized and that all treatment rendered to Abdulrazzaq was done so by licensed physicians.

In an opinion and order, the trial court determined that defendant had standing to argue that plaintiff violated the MLLCA. On the basis of the LARA annual report, the trial court concluded that plaintiff failed to show that its services were lawfully rendered and granted defendant's motion for summary disposition. Plaintiff appeals that decision.

II. ANALYSIS

We agree with plaintiff that defendant does not have statutory standing to challenge whether an entity is properly incorporated or organized under the MLLCA.[1]

The no-fault act entitles claimants to PIP benefits, which include "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). "[A] physician, hospital, clinic, or other person that *lawfully renders* treatment to an injured person for an accidental bodily injury covered by personal protection insurance . . . may charge a reasonable amount for the treatment or training." MCL 500.3157(1) (emphasis added). Thus, an insurer is required to pay benefits only for treatment lawfully rendered. *Psychosocial Serv Assoc, PC v State Farm Mut Auto Ins Co*, 279 Mich App 334, 338; 761 NW2d 716 (2008).

Plaintiff is incorporated as a PLC under the MLLCA. Because plaintiff was formed to provide services in a learned profession, it was required to comply with Article 9 of the Act. See MCL 450.4201. Article 9 provides, in relevant part, that if a PLC renders a professional service covered by the public health code, as plaintiff does, "then all members and managers of the company must be licensed or legally authorized in this state to render the same professional service." MCL 450.4904(2).

Defendant argues that the treatment plaintiff rendered to Abdulrazzaq was unlawful and therefore not compensable because neither of the two members and managers listed in plaintiff's

---

[1] We review de novo a trial court's decision to grant summary disposition. *Richardson v Allstate Ins Co*, 328 Mich App 468, 471; 938 NW2d 749 (2019). "Whether a party has standing is a question of law subject to review de novo." *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019) (quotation marks and citation omitted). Questions of statutory interpretation are also reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

most recent annual report to LARA are licensed physicians. Relying on *Miller*, 481 Mich 601, plaintiff argues that defendant lacks statutory standing to make that argument.

In *Miller*, the defendant insurance company argued that the healthcare provider did not lawfully render treatment because it was improperly incorporated under the Business Corporation Act (BCA), MCL 450.1101 *et seq*., rather than the Professional Services Corporations Act (PSCA).[2] *Id*. at 605. The Supreme Court did not reach the substantive argument, however, because it held that the insurer lacked statutory standing[3] to challenge the provider's corporate statute under the BCA. *Id*. at 604, 608. The Court primarily relied on the BCA provision providing that "[f]iling is conclusive evidence that all conditions precedent required to be performed under this act have been fulfilled and that the corporation has been formed under this act, except in an action or special proceeding by the attorney general." *Id*. at 610, quoting MCL 450.1221. The Court reasoned that this statutory provision precludes anyone besides the Attorney General from challenging an entity's corporate status under the BCA:

> This statute indicates that once articles of incorporation under the BCA have been filed, such filing constitutes "conclusive evidence" that: (1) all the requirements for complying with the BCA have been fulfilled and (2) the corporation has actually been formed in compliance with the BCA. Thus, the statute generally creates an irrebuttable presumption of proper incorporation once the articles of incorporation have been filed. The statute then creates a single exception to this general rule by granting the Attorney General the sole authority to challenge whether a corporation has been properly incorporated under the BCA. That is, only the Attorney General is not affected by the irrebuttable presumption in favor of legality. By naming only the Attorney General in this respect, the Legislature has indicated that the Attorney General alone has the authority to challenge corporate status[.] [*Id*. at 611.]

Because "only the Attorney General may pursue a claim that a corporation . . . improperly incorporated under the BCA," *Miller* reversed the grant of summary disposition to the insurer. *Id*. at 612. Although the Court's holding rested solely on statutory interpretation, it also noted that "Michigan courts have long held that the state possesses the sole authority to question whether a corporation has been properly incorporated under the relevant law." *Id*. at 615.

Defendant contends that *Miller* does not govern this case because it does not challenge plaintiff's corporate form, but instead argues that plaintiff is organized in violation of the MLLCA. We conclude that, for purposes of statutory standing, this is a distinction without a difference. The MLLCA contains a provision identical to the one relied on in *Miller*. MCL 450.4202(2) provides in part:

---

[2] The PSCA, MCL 450.221 *et seq*., was repealed effective January 2, 2013. 2012 PA 569. The BCA now contains a chapter pertaining to professional corporations. See MCL 450.1281 *et seq*.

[3] Statutory standing asks whether the Legislature authorized the injured party to sue the other party for the alleged statutory violation. *Miller*, 481 Mich at 608.

Filing is conclusive evidence that all conditions precedent required to be performed under this act are fulfilled and that the company is formed under this act, except in an action or special proceeding by the attorney general.

The filing of the required documents for incorporation was conclusive evidence that plaintiff met the conditions precedent for formation of a PLC, including the requirement that all members and managers be licensed persons. Only the Attorney General has standing to contest that presumption. Thus, although the alleged incorporation defect is different than the one alleged in *Miller*, defendant lacks statutory standing for the reasons stated in that opinion. As in *Miller*, because defendant does not have standing to argue that plaintiff is improperly incorporated or organized under the MLLCA, we need not reach the substantive issue of whether the alleged violation of the MLLCA rendered the treatment to Abdulrazzaq unlawful.

Defendant's reliance on caselaw holding that treatment is not lawfully rendered unless the provider was properly licensed is misplaced. See *Life Skills Village, PLLC v Nationwide Mut Fire Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 345237); slip op at 3 ("In order for treatment to be lawfully rendered, and thus recoverable under the no-fault act, a healthcare provider must be in compliance with licensing requirements."). In *Healing Place at North Oakland Med Ctr v Allstate Ins Co*, 277 Mich App 51, 58; 744 NW2d 174 (2007), for instance, this Court held that because the plaintiffs were not licensed to provide the services rendered, they were not lawfully rendering treatment under MCL 500.3157(1). In contrast, defendant does not argue, and there was no evidence presented, that plaintiff as an institution was not licensed to provide the type of treatment rendered to Abdulrazzaq. Nor does defendant dispute that licensed physicians provided the actual treatment rendered to Abdulrazzaq. Accordingly, the caselaw requiring compliance with licensing requirements is irrelevant. Defendant's argument that plaintiff was organized in violation of the MLLCA is squarely controlled by *Miller*, which held on the basis of an identical statutory provision to one found in the MLLCA that only the Attorney General has standing to bring claims alleging incorporation defects.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ Kathleen Jansen